**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MICHAEL KONOWICZ, a/k/a,
Michael Phillips, et al.,

        Plaintiffs,

v.

JONATHAN P. CARR, et al.,

        Defendants.

Civil Action No. 15-6913 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Jonathan P. Carr ("Mr. Carr"), Severe NJ Weather, LLC, and Weather NJ, LLC's (collectively, "Defendants") motion for judgment on the pleadings against Plaintiff Isarithim, LLC ("Isarithim"), pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 12.) Plaintiffs Michael Konowicz ("Mr. Konowicz") and Isarithim (collectively, "Plaintiffs") filed a cross-motion to amend the Complaint (ECF No. 16)[1], and Defendants replied. (ECF No. 18.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendants' motion for judgment on the pleadings and denies, without prejudice to refiling, Plaintiffs' cross-motion to amend.

---

[1] Plaintiffs filed the notice of cross-motion twice (ECF Nos. 16, 17). Because docket entry #16 includes the brief in support of the cross-motion, the Court shall refer to that docket entry.

## I. Background

Mr. Konowicz is a professional meteorologist holding a certificate in broadcast meteorology and operating under the professional name "Michael Phillips." (Pls.' Cross-Motion, Ex. D ("Pls.' proposed Am. Compl.") ¶¶ 8-9, ECF No. 16-1.) Mr. Konowicz owns the registered trademark "Weatherboy;" is a member of the American Meteorological Society; and maintains a Twitter account, Facebook profile, and website using the "Weatherboy" mark to provide weather and climate related information to the public. (*Id.* ¶¶ 9, 10, 11.) Mr. Konowicz created Isarithim and "conducts business using the Weatherboy mark using" Isarithim. (*Id.* ¶¶ 17-18.)

Plaintiffs allege that since December 2014, Mr. Carr, conducting business through Severe NJ Weather LLC and Weather NJ LLC, has defamed Mr. Konowicz. (*Id.* ¶ 19.) Specifically, Plaintiffs allege that Mr. Carr posted statements on social media denying Mr. Konowicz's credentials and accusing him of artificially inflating the number of his social media followers. (*Id.* ¶¶ 20-21.) These statements included the statement that the public must be "careful of Weatherboy Weather" because it is a "total fraud." (*Id.* ¶ 21.) Plaintiffs additionally allege that, after receiving a request to retract his posts, Mr. Carr continued his attacks with a June 25, 2015 post on his website warning readers that Mr. Konowicz was a "fake" who lacked credentials, fabricated visits to schools and the American Meteorological Society convention, and did not represent a team of professional meteorologists. (*Id.* ¶¶ 24-26.) Thereafter, Mr. Carr continued to promote this post through social media and encouraged his followers and other members of the meteorological community to do the same. (*Id.* ¶ 30.) Accordingly, in their proposed Amended Complaint,

Plaintiffs assert the following claims against Defendants: (1) defamation; (2) violation of the Lanham Act, 15 U.S.C. § 1125(a); and (3) unfair competition[2]. (*Id.* ¶¶ 35-58.)

## II. Legal Standard

### A. Federal Rule of Civil Procedure 12(c)

A court will grant judgment on the pleadings if, on the basis of the pleadings, no material issue of fact remains and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 12(c); *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). The standard governing a Rule 12(c) motion is the same standard governing motions to dismiss under Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are

---

[2] Plaintiffs label both the claim for violation of the Lanham Act and the claim for unfair competition as Count Two.

sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### B. Federal Rule of Civil Procedure 15(a)

Once the period in which a party can amend its pleadings as a matter of course has expired under Rule 15(a)(1), a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, courts should "freely give leave when justice so requires." *Id.* The court may, however, deny leave to amend if, inter alia, the court finds that amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). An amendment to a complaint is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citation omitted); *see also Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (a court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss"). In conducting its futility analysis, the Court must "accept as true all of the factual allegations in the complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).

## III. Analysis

### A. Plaintiffs' Cross-Motion to Amend the Complaint

As disposition of Plaintiffs' cross-motion to amend will determine the content of the pleadings at issue in Defendants' motion under Rule 12(c), the Court first addresses Plaintiffs' cross-motion. *See, e.g.*, *Estate of Makarowsky ex rel. Gast v. Lobdell*, No. 10-05423, 2012 WL 3877714, at *2 (W.D. Wash. Sept. 6, 2012); *see also Hira v. N.Y. Life Ins. Co.*, No. 12-373, 2014 WL 2177799, at *1-2 (E.D. Tenn. May 23, 2014).

Importantly, in the proposed amended complaint, Plaintiffs add some information regarding the nature of Isarithim and allege that Mr. Konowicz presently conducts business using the Weatherboy mark through the use of Isarithim. (Pls.' proposed Am. Compl. ¶¶ 17-18.) In their cross-motion, Plaintiffs argue that granting leave to file their amended complaint will not unduly prejudice Defendants because the proposed amendments are "technical" and necessary to show a connection between Isarithim's business and the "Weatherboy" mark and because Defendants were notified of Isarithim's interest in the matter before this litigation commenced. (Pls.' Opp'n Br. 1-2, ECF No. 16; *see* Ex. A, ECF No. 16-1.) In opposition, Defendants argue that amendment is futile because, even accepting the well pleaded facts in the amended complaint as true, Plaintiffs have not alleged a sufficient factual connection between the alleged injury and Isarithim to state a claim upon which relief can be granted with respect to Isarithim. (Defs.' Reply Br. 5, ECF No. 18.)

Questions of whether an amendment to a complaint is futile and whether a Rule 12(c) motion should be granted are judged by the same standard which governs motions to dismiss under Rule 12(b)(6). *Compare Massarsky*, 706 F.2d at 125 (a court "may properly deny leave to amend where the amendment would not withstand a motion to dismiss"); *with Spruill*, 372 F.3d

at 223 n.2 ("There is no material difference in the applicable legal standards [between Rule 12(b)(6) and Rule 12(c) motions]."). Thus, the court must: "(1) identif[y] the elements of the claim[s], (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged. *Malleus*, 641 F.3d at 563.

### 1. Count I: *Defamation*

"To establish defamation under New Jersey law, a plaintiff must show the defendant (1) made a false and defamatory statement concerning the plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault." *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011) (footnote omitted) (citing *Singer v. Beach Trading Co.*, 379 N.J. Super. 63, 79 (App. Div. 2005)). "It follows that it must appear that the third person understood the communication to relate to plaintiff." *Allia v. Target Corp.*, No. 07-4130, 2008 WL 1732964, at *5 (D.N.J. Apr. 10, 2008) (citing *Gnapinski v. Goldyn*, 23 N.J. 243, 252 (1957)). Here, Defendants' statements referred only to the "Weatherboy." Even assuming the truth of the Plaintiffs' well pleaded complaints, neither the Complaint nor the proposed amended complaint alleges a sufficient basis for finding that a third party would understand the statements about "Weatherboy" to be about Isarithim. In the proposed amended complaint, Plaintiffs offer only the conclusory statement that Mr. Konowicz "conducts business using the Weatherboy® mark using isarithm [sic], LLC and isarithm [sic], LLC therefore has a protectable business interest in the same." (Pls.' proposed Am. Compl. ¶ 18.) Plaintiffs' conclusory allegation about Isarithim's "business interest" is insufficient to establish that a third party would understand that the statements about Weatherboy concerned Isarithim. *See* Fed. R. Civ. P. 8(a)(2); *see also Fowler*,

578 F.3d at 210-11. Thus, the facts alleged are insufficient to state a claim for defamation on behalf of Isarithim.

### 2. Count II: *Lanham Act*

Plaintiffs also claim injury to the "Weatherboy" mark under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). (Pls.' proposed Am. Compl. ¶ 46, ECF No. 16-1.) Again, the proposed amended complaint sets forth no factual, non-conclusory, connection between the "Weatherboy" mark and Isarithim. For a claim to fall within the scope of "§ 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *The Knit With v. Knitting Fever, Inc.*, 625 F. App'x 27, 40 (3d Cir. 2015) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1383 (2014)). To maintain an action under the Lanham Act, the complainant must have "a reasonable interest to be protected." *Thorn v. Reliance Van Co., Inc.*, 736 F.2d 929, 933 (3d Cir. 1984) (holding that an investor in a business has a reasonable interest in the business which is protected under the Lanham Act). Aside from the conclusory allegation discussed above, Plaintiffs have not alleged a basis for finding that Isarithim possesses a reasonable interest in the Weatherboy mark, whether in reputation or sales. Plaintiff has alleged that Michael Konowicz owned the "Weatherboy" mark, but has not alleged that he assigned or transferred the ownership interest in the mark to Isarithim or any other non-conclusory basis for finding that Isarithim had a reasonable interest in the mark. (Pl.'s proposed Am. Compl. ¶ 18; Pls.' Cross-Motion, Exs. B, C, ECF Nos. 16-1.) Thus, the facts alleged are insufficient to state a claim for a Lanham Act violation on behalf of Isarithim.

### 3. Count III: *Unfair Competition*

"[U]nfair competition claims under New Jersey statutory and common law generally parallel those under § 43(a) of the Lanham Act." *Bracco Diagnostics, Inc. v. Amersham Health,*

*Inc.*, 627 F. Supp. 2d 384, 454 (D.N.J. 2009). Under New Jersey law, "unfair competition is an amorphous area of jurisprudence. It knows of no clear boundaries . . . . The concept is as flexible and elastic as the evolving standards of commercial morality demand." *Duffy v. Charles Schwab & Co., Inc.*, 97 F. Supp. 2d 592, 600 (D.N.J. 2000) (quoting *N.J. Optometric Ass'n v. Hillman-Kohan Eyeglasses, Inc.*, 144 N.J. Super. 411, 427 (Ch. Div. 1976)); *see, e.g., Sachs Furniture & Radio Co. v. Sachs Quality Stores Corp.*, 39 N.J. Super. 70 (App. Div. 1956) (finding unfair competition where a store attempts to pass off its own products as the products of a competitor); *Warner Lambert Co. v. Purepac Pharm. Co.*, No. 00-2053, 2000 WL 34213890, at *10 (D.N.J. Dec. 22, 2000) (holding that unfair competition may encompass fraudulent submissions of drug patents to the FDA to interfere with competitors' submissions). "Generally it consists of the misappropriation of *one's property* by another–or property which has some sort of commercial or pecuniary value." *Duffy*, 97 F. Supp. 2d at 600-01 (quoting *Hillman-Kohan*, 144 N.J. Super. 411, 427-28) (emphasis added); *see also Ryan v. Carmona Bolen Home for Funerals*, 341 N.J. Super. 87, 92 (App. Div. 2001) ("The judicial goal should be to discourage, or prohibit the use of misleading or deceptive practices which renders competition unfair.") Neither Plaintiffs' Complaint, nor the proposed amended complaint, alleges sufficient facts to find that the "Weatherboy" mark may be Isarithim's property.

Accordingly, because Plaintiffs' proposed amended complaint fails to state a claim upon which relief may be granted, the proposed amendment is futile and Plaintiffs' cross-motion to amend is denied. Furthermore, having found that neither the amended complaint nor the original complaint alleges a sufficient factual connection between Isarithim and the "Weatherboy" mark state a claim on behalf of Isarithim, the Court grants Defendants' motion for judgment on the

pleadings on Isarithim's claims of defamation, violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and unfair competition.

### IV. Conclusion

For the reasons set forth above, Plaintiffs' cross-motion to amend their Complaint pursuant to Rule 15(a) is denied and Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) is granted. Plaintiffs will, however, have thirty days in which to file a motion seeking leave to file an amended complaint to cure the pleading deficiencies stated herein. *See Warren v. Fisher*, No. 10-5343, 2013 WL 1164492, at *9 (D.N.J. Mar. 19, 2013) (granting a motion for judgment on the pleadings without prejudice and giving plaintiffs leave to file an amended complaint to cure pleading deficiencies) (collecting cases). An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** June 30, 2016