UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KONOWICZ et al,

        Plaintiffs,

   v.

CARR et al,

        Defendants.

Civil Action No. 15-6913 (MAS)

MEMORANDUM OPINION

**BONGIOVANNI, Magistrate Judge**

    This matter comes before the Court upon Plaintiffs' Michael Konowicz and Isarithim, LLC ("Isarithim") (collectively "Plaintiffs") motion to amend the Complaint in order to re-include Isarithim as a plaintiff to the Lanham Act and unfair competition claims.  [Docket Entry No. 24-1].  Defendants will not be filing an opposition to this motion.  [Docket Entry No. 25].  The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, Plaintiffs' motion is GRANTED.

    **I.**    **Background and Procedural History**

    Plaintiffs filed the initial complaint on September 16, 2015 against Defendants Jonathan P. Carr, Severe NJ Weather, LLC and Weather NJ, LLC ("Defendants") [Docket Entry No. 1].  The Complaint includes allegations of Defamation, Lanham Act Violations and Common Law Unfair Competition Violations against Defendants. *Id*. at 9-12.

    On November 10, 2015, Defendants filed a Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c).  Defendants argued that all of Isarithim's claims should be dismissed for failure to state a claim for which relief could be granted.  [Docket Entry No. 12-1

at 2]. Plaintiffs filed an opposition to defendants' motion for judgment on the pleadings which included a cross-motion to amend. [Docket Entry No. 16]. Plaintiffs sought to file an amended complaint "containing the facts setting forth isarithm's business using the WEATHERBOY mark." *Id*. at 1-2.

On June 30, 2016, the Hon. Michael A. Shipp, U.S.D.J. granted Defendants' motion for judgment on the pleadings and denied without prejudice Plaintiff's cross-motion to amend. [Docket Entry No. 22]. Plaintiffs were given thirty days to file a motion seeking leave to file an amended complaint to cure the pleading deficiencies identified in the District Court's opinion. *Id*. at 9.

Plaintiffs then filed the instant motion on July 28, 2016.

## II.   Analysis

### A.   Standard of Review

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff

may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Additionally, in assessing a motion to dismiss, although the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B. Discussion

In the Opinion dismissing Isarithim's claims and denying plaintiffs' cross motion to amend, the District Court noted that "the proposed amended complaint sets forth no factual, non-conclusory, connection between the "Weatherboy" mark and Isarithim" and that "Plaintiffs have not alleged a basis for finding that Isarithim possesses a reasonable interest in the Weatherboy mark, whether in reputation or sales." [Docket Entry No. 22 at 7]. The District Court further

noted that "Neither Plaintiffs' Complaint, nor the proposed amended complaint, alleges sufficient facts to find that the "Weatherboy" mark may be Isarithim's property." *Id*. at 8.

Plaintiffs note in the motion to amend that "Plaintiff Konowicz, who previous[ly] registered and owned the trademark WEATHERBOY, has in fact assigned the WEATHERBOY mark to Isarithim, and such assignment was recorded with the United States Patent and Trademark Office, which issued a Notice of Recordation of the Assignment on March 21, 2016." [Docket Entry No. 24-1 at 2]. Plaintiffs argue that "[a]s the assignee and owner of the Trademark, Isarithim has standing to assert the false advertising and unfair competition claims under the Lanham Act." *Id*. at 2.

The Court finds that Plaintiffs have shown that there is a connection between the Weatherboy mark and Isarithim. The Court further finds that plaintiffs have pled sufficient facts to show that Isarithim possesses a reasonable interest in the Weatherboy mark.

### III.   Conclusion

For the reasons set forth above, Plaintiffs' Motion to Amend is GRANTED.  An appropriate Order follows.

Dated: October 6, 2016

                                                 s/  Tonianne J. Bongiovanni
                                                 **HONORABLE TONIANNE J. BONGIOVANNI**
                                                 **UNITED STATES MAGISTRATE JUDGE**