<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL KONOWICZ, a/k/a
MICHAEL PHILLIPS, and ISARITHIM,
LLC,

                 Plaintiffs,

                 v.

JONATHAN P. CARR, SEVERE NJ
WEATHER, LLC, and WEATHER NJ, LLC,

                 Defendants.

Civil Action No. 15-6913 (MAS) (TJB)

**MEMORANDUM OPINION
FILED UNDER SEAL**

<u>SHIPP, District Judge</u>

This matter comes before the Court upon Plaintiffs Michael Konowicz a/k/a Michael Phillips ("Konowicz") and Isarithim, LLC's (collectively, "Plaintiffs") Motion to Correct a Judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 102.) Defendants Jonathan P. Carr, Severe NJ Weather, LLC, and Weather NJ, LLC (collectively, "Defendants") opposed. (ECF No. 106.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiffs' Motion to Correct a Judgment is denied.

## I.    BACKGROUND[1]

On May 31, 2019, the Court granted Defendants' motion for summary judgment, finding: (1) Plaintiffs failed to raise a genuine dispute as to whether Defendants' statements were made

---

[1] After four years of discovery and motion practice, the parties are familiar with the background of this case. The Court, therefore, dispenses with a summation of the factual background.

with actual malice; and (2) Defendants' statements were not commercial speech. (Mem. Op. 31, ECF No. 99.) On June 28, 2019, Plaintiffs moved to "correct judgment" on their defamation, Lanham Act, and unfair competition claims. (Pls.' Moving Br. 2–3, ECF No. 102.)

## II.    LEGAL STANDARD

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion[,] therefore[,] must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

> A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before. A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'

*Database Am., Inc. v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted).

## III.    DISCUSSION

### A.    Plaintiffs' Defamation Claim

Plaintiffs argue that the Court ignored evidence of actual malice when Defendants "republished demonstrably false statements about Plaintiffs online after being confronted with the falsity of those statements" and that the Court misapplied the test for actual malice as to the republication. (*See* Pls.' Moving Br. 2, 7–11.) Plaintiffs specifically refer to the online "republication" of Carr's Answer, Separate Defenses, Counterclaim, and Jury Demand dated

2

November 11, 2015 ("Carr's Answer with Counterclaim"). (*See id.* at 7–8 (citing Konowicz Cert. ¶ 39, ECF No. 90).)

Here, Plaintiffs make the same argument as they did in opposition to Defendants' summary judgment motion and cite to the same paragraph of the Konowicz Certification for support.[2] (*See* Pls.' Opp'n Br. to Defs.' Mot. Summ. J. 14, ECF No. 90.) Plaintiffs again point to a July 8, 2015, letter which "put Defendants on notice of the falsity of their claims." (Pls.' Moving Br. 7–8.) The Court, however, had previously considered the July 8, 2015 letter. (*See* Mem. Op. 10, 22–27.) Plaintiffs reargue the same point on Defendants' alleged republication of Carr's Answer with Counterclaim, but do not proffer any newly discovered evidence of actual malice as to the republication—or even evidence of the republication itself. Because a motion for reconsideration is not a vehicle to reargue the motion and because Plaintiffs neither rely on an intervening change in controlling law nor the need to correct clear error of law or prevent manifest injustice, the Court denies Plaintiffs' Motion as to their defamation claim.

---

[2] The Court reiterates its initial finding that Plaintiffs has not raised a genuine dispute of material fact regarding actual malice. (*See* Mem. Op. 22–27.) The Konowicz Certification—which Plaintiffs previously cited as the "Philips Certification"—states, in relevant part:

> Carr filed an Answer with a Counterclaim on or about November 10, 2015, which repeated all of the previously mentioned defamatory statements about me. Soon thereafter, Carr published his Answer with Counterclaim online, even though he had been put on notice of the falsity of the statements therein.

(Konowicz Cert. ¶ 39.) Conclusory self-serving affidavits cannot withstand a motion for summary judgment in the absence of additional support. *See Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 263 (3d Cir. 2012). Without more, the Konowicz Certification does not allow Plaintiffs' defamation claim to survive summary judgment. As the Court previously explained, Plaintiffs have not produced "clear and convincing" evidence of Defendants' actual malice to survive summary judgment. (Mem. Op. 17 (citing *Costello v. Ocean Cty. Observer*, 643 A.2d 1012, 1023 (N.J. 1994)).)

B.    **Plaintiffs' Lanham Act and Unfair Competition Claims**

Plaintiffs argue that the Court ignored evidence on the record showing the "Kaboom" article was advertising and was, therefore, commercial speech. (*See* Pls.' Moving Br. 3, 11–15 (citing Konowicz Cert. ¶ 36).) Plaintiffs relied on the same Konowicz Certification as evidence in their summary judgment opposition.[3] (*See* Pls.' Opp'n Br. to Defs.' Mot. Summ. J. 13–14.) Because Plaintiffs do not rely on newly discovered evidence, an intervening change in controlling law, or a need to correct clear error of law or prevent manifest justice, the Motion is denied as to Plaintiffs' Lanham Act and unfair competition claims.

IV.    **CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' Motion to Correct a Judgment. An Order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

---

[3] As with Plaintiffs' defamation claim, the Konowicz Certification, without more, is a self-serving affidavit that does not create a genuine dispute as to whether the Kaboom article is commercial speech. *See Gonzalez*, 678 F.3d at 263.

4